Rakoff, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL M. HIGHSMITH

    *Plaintiff*,

  v.

GETTY IMAGES (US), INC.,
LICENSE COMPLIANCE SERVICES,
INC.,
ALAMY, INC., ALAMY, LTD., and
JOHN DOES 1 TO 100,

    *Defendants*.

16 Civ. 5924 (JSR)

**PROTECTIVE ORDER**



JED S. RAKOFF, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

    1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any

kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" or "Attorneys' Eyes Only" only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product research and development information, or marketing plans, or trade secrets;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and

exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Counsel for either party shall have the right to exclude from oral depositions any person, other than the deponent and the reporter, who is not eligible to receive "Confidential" information under Paragraph 5 hereof, but such right of exclusion shall be applicable only during periods of examination or testimony relating to "Confidential" information.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s]

of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and their representatives;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions

conducted in this action; and

(g) the Court and its support personnel.

6. No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material designated by the producing person as "Attorneys' Eyes Only" to any other person whomsoever, except the persons identified in paragraph 5, subparagraphs (b), (e) and (g), unless the parties agree in advance to such disclosure. All other provisions herein regarding Confidential Discovery Materials shall apply to Confidential Discovery Materials designated "Attorneys' Eyes Only."

7. Material designated "Confidential" or "Attorneys' Eyes Only" shall be maintained in the custody of counsel for the parties eligible to receive such documents under Paragraph 5. Partial or complete copies of this Material may be retained by persons entitled to access to such Material to the extent necessary for their study, analysis and preparation of the case. A person with custody of Material designated "Confidential" or "Attorneys' Eyes Only" shall maintain it in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

8. A receiving party shall be under no obligation to object to the designation of any Material as "Confidential" or "Attorneys'

Eyes Only" at the time the designation is made, or at any other time, and a failure to object shall not constitute acquiescence or an agreement to the "Confidential" or "Attorneys' Eyes Only" characterization.

9. Nothing herein shall prohibit or impair a party from using Material designated "Confidential" or "Attorneys' Eyes Only" at trial or other proceedings in this action, subject to the terms of this Order, or, if necessary, from using such documents or information in the course of any appeal in this action, subject to the terms of this Order.

10. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(a) or 5(c)-(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial,) at the conclusion of the case, or upon request by counsel of record, whichever comes first.

11. All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings,

motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Material, shall be filed under seal with the Clerk of the Court pursuant to the "Steps for E-Filing Sealed Documents – Civil Cases (revised January 21, 2013)" posted on the Southern District of New York website and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Attorneys' Eyes Only Discovery Material. Nothing herein will require oral presentations to the court including or referring to the "Confidential" or "Attorneys' Eyes Only" Material to be held in camera but counsel may request that witnesses who have not had access to the "Confidential" or "Attorneys' Eyes Only" Material leave the room during such presentations.

12. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure may at any time prior to the trial of this action serve upon counsel for the designating person a written

7

notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim

of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, upon written request made by the disclosing party within ten (10) court days of discovery of such inadvertent production, within seven (7) court days, return or destroy all copies of the Inadvertently Disclosed Information, unless the receiving party intends to challenge the producing party's assertion of privilege or protection, and provide a certification of counsel that all such information has been returned or destroyed, and that any document or material information reflecting the contents of the inadvertently produced information has been expunged. If a receiving party objects to the return of such information within the seven (7) court day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced documents in a sealed envelope or an encrypted electronic format and shall not make any use of such information.

17. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log

with respect to the Inadvertently Disclosed Information.

18. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

19. Should any "Confidential" or "Attorneys' Eyes Only" Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the person disclosing the information or document shall:

(a) promptly inform the person to whom the Discovery Material was disclosed of all the provisions of this Order;

(b) identify such person immediately to the party that designated the Discovery Material as "Confidential" or "Attorneys' Eyes Only," as applicable;

(c) request that an agreement in the form attached hereto as Exhibit A be signed by the person to whom the Discovery Material was inadvertently disclosed; and

(d) promptly serve a copy of any such executed agreement upon the party designating the Discovery Material as "Confidential" or "Attorneys' Eyes Only," as applicable.

20. The disclosing party retains the burden of establishing

the privileged or protected nature of any Inadvertently Disclosed Information. Any party requesting removal of the "Confidential" or "Attorneys' Eyes Only" designation with respect to any Discovery Material may file under seal and serve a motion for an order directing that the Material not be treated as "Confidential" or "Attorneys' Eyes Only," as applicable, pursuant to the terms of this Order. The movant shall have the burden of proving that such Material already has become publicly known without any unauthorized disclosure by movant, or that there is otherwise good cause for removing the "Confidential" or "Attorneys' Eyes Only" designation.  If such a motion is made, the parties shall treat the Material as "Confidential" or "Attorneys' Eyes Only," as applicable, until the motion is decided by the Court.

21. In the event any person or party having possession, custody or control of any "Confidential" or "Attorneys' Eyes Only" Discovery Material receives a subpoena or other court process or order to produce such information or documents, such person or party shall:

(a) provide written notification within three (3) business days to the attorneys of record for the party or person claiming such "Confidential" or "Attorneys' Eyes Only" designation by

facsimile, electronic mail, or hand delivery, including a copy of the subpoena or other court process or order; and

(b) make no disclosure until after at least seven (7) days have elapsed from the date on which notice was given without objection by the Producing Party or unless the Producing Party has consented in writing; and

(c) cooperate with respect to any procedure pursued by the party whose interest may be affected.

    22. This Protective Order shall survive the termination of the litigation until a designating party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the foregoing, outside counsel shall be permitted to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain information designated "Confidential" or "Attorneys' Eyes Only."  Such file copies must be maintained under the conditions of "Confidential" or "Attorneys' Eyes Only" documents, as applicable, as set out herein.

23. This Court shall retain jurisdiction over all persons subject to this Order even after termination of this action to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, and to make such amendments, modifications, deletions or additions to this Order as the court may from time to time deem appropriate.  The parties reserve all rights to apply to the court at any time, before or after termination, seeking modification or enforcement of this Order.  This Order shall be without prejudice to the right of the parties to move for a separate protective order as to any particular document or information, including restrictions differing from those specified in this Order.  In addition, this Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.  The parties reserve all rights to object to any motion for a separate protective order brought by the other party.

SO STIPULATED AND AGREED.

Dated:  Nov. 1, 2016                          Dated:  Nov. 1, 2016

Joseph C. Gioconda, Esq.  (JG 4716)           Kenneth L. Doroshow, Esq.
Joseph M. Forgione, Esq.  (JF 8630)           JENNER & BLOCK LLP
GIOCONDA LAW GROUP PLLC                       1099 New York Avenue, N.W.,
100 Park Avenue                               Suite 900
16th Floor                                    Washington, DC 20001
New York, NY 10017                            Tel: (202) 639-6027
Tel: (212) 235-1220                           Fax: (202) 661-4855
Fax: (888) 697-9655                           E: *KDoroshow@jenner.com*
E: *joseph.gioconda@giocondalaw.com*
E: *joseph.forgione@giocondalaw.com*          *Attorneys for Defendant
                                              Getty Images (US), Inc.*

James R. Gourley, Esq.
Michael R. Steinmark, Esq.
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
Tel: (972) 367-2001
Fax: (972) 367-2002
E: *gourley@cclaw.com*
E: *steinmark@cclaw.com*
   Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs
Carol M. Highsmith and
This is America!, Inc.*

Dated:   Nov. 1, 2016

_____
Lindsay W. Bowen, Esq.
Nancy E. Wolff, Esq.
Brittany Lane Kaplan, Esq.
COWAN, DEBAETS,
ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
E: lbowen@cdas.com
E: nwolff@cdas.com
E: bkaplan@cdas.com
*Attorneys for Defendants License Compliance Services, Inc., Alamy Inc. and Alamy Ltd.*

SO ORDERED:

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 3, 2016

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL M. HIGHSMITH<br><br>      *Plaintiff*,<br><br>   v.<br><br>GETTY IMAGES (US), INC.,<br>LICENSE COMPLIANCE SERVICES,<br>INC., PICSCOUT, INC., ALAMY,<br>INC., ALAMY, LTD., and<br>JOHN DOES 1 TO 100,<br><br>      *Defendants*. | 16 Civ. 5924 (JSR)<br><br>**Non-Disclosure Agreement** |

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Attorneys' Eyes Only". I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to

punishment for contempt of Court.


Date: _____          _____